UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:20CV-P637-CRS

THEDDIS MARTINEZ BARNES                                          PLAINTIFF

v.

DEWAYNE CLARK *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Theddis Martinez Barnes filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give him an opportunity to amend his complaint.

## I. SUMMARY OF ALLEGATIONS

Plaintiff states that he is a convicted inmate at the Louisville Metro Department of Corrections (LMDC). He sues LMDC Director Dewayne Clark and Deputy Director Martin Baker in their individual and official capacities.

Plaintiff states that on the night of May 31, 2020, his "legal work/property, religious materials and all of my personal property was thrown away, also my property was vandalized by several inmates with the permission of the staff at [LMDC]." He also asserts that on the same night "there was excessive force used against me Theddis Barnes and other inmates in the [LMDC]." He also maintains that he was "denied medical attention as well as other inmates." He states, "No pictures of my wounds, injuries or scars." He asserts that handcuffs were placed on him so tightly that he lost circulation in his hands and lower arms. Plaintiff further states that his grievances have not been taken seriously and have been denied. He continues, "This is

directly against LMDC policy and my 1st amendment to be able to redress all issues I have against any agency of government entity."

Plaintiff states, "The excessive force against me and the damaging, looting and throwing away of my property is a violation against my 8th amendment." He asserts that he has suffered mental anguish and that several officers "have harassed and intimidated me to not file lawsuits or grievances." He states, "I've become slightly paranoid, I suffer from pain of my body nightly ever since 5/3/2020."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "illegal detention[,]" which the Court construes as a request for release.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

#### A.  *Official-capacity claims*

The claims against Defendants in their official capacities must be construed as brought against the governmental entity which employs them.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the claims against Defendants in their official capacities are actually brought against the Louisville Metro government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any violation of his constitutional rights occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government.  In fact, he states that some alleged actions violated LMDC policy.  Accordingly, Plaintiff's official-capacity claims against Defendants Clark and Baker will be dismissed for failure to state a claim upon which relief may be granted.

## B. Individual-capacity claims

Defendants are LMDC's Director and Deputy Director.  "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff has not alleged that Defendants Clark and Baker were personally involved in any of the alleged actual conduct, nor has he stated that they acquiesced in the conduct of their employees.  Therefore, any claim Plaintiff is alleging based on Defendants' roles as supervisors fails.

 Furthermore, any claims against Defendants based on their denial of his grievances or failure to intervene also fails.  The "denial of administrative grievances or the failure to act" by

prison officials does not subject supervisors to liability under § 1983.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Accordingly, Plaintiff's individual-capacity claims against Defendants Clark and Baker will also be dismissed for failure to state a claim.

### C. Release from illegal detention

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff cannot seek release from detention in this § 1983 action, and the request for release must also be dismissed for failure to state a claim.

### D.  Claims on behalf of other inmates

Plaintiff makes reference to other inmates who incurred injury.  Plaintiff, as *a pro se* litigant, may not put forth claims on behalf of other individuals.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage[.]"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'" (citation omitted)).  Thus, to the extent Plaintiff is attempting to bring claims on behalf of other inmates, the claims are dismissed for failure to state a claim.

### IV.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's individual and official-capacity claims against Defendants Baker and Clark, his request for release from detention, and

any claims brought on behalf of other inmates are **DISMISSED** pursuant to 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendants Baker, and Clark** as

parties to this action.

The Court will give Plaintiff an opportunity to file an amended complaint naming any

persons who he alleges were personally involved in the violation of his constitutional rights.

*See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court

can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal

under the [Prison Litigation Reform Act].").

**IT IS THEREFORE ORDERED** that within **30 days** from the entry date of this

Memorandum Opinion and Order, **Plaintiff may file an amended complaint** naming any

persons, in their individual capacities, who he alleges were personally involved in the violation

of his constitutional rights and stating specific factual allegations against each such individual.

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to

§ 1915A.  Should Plaintiff fail to file an amended complaint within the allotted amount of time,

**Plaintiff is WARNED that this action will be dismissed for failure to state a claim upon**

**which relief may be granted**.

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this

case number and the word "Amended" written in the caption, along with three summons forms.

Date:   February 10, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.010

6